# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al. ex rel.* CLARKE, *et al.*,<br><br>            Plaintiffs,<br><br>v.<br><br>AEGERION PHARMACEUTICALS, INC., *et al.*,<br><br>            Defendants. | Case No. 1:13-CV-11785-IT |

## <u>DEFENDANTS' JOINT MOTION TO DISMISS</u>

Pursuant to Fed. R. Civ. P. 12(b)(6) and this Court's order dated June 11, 2018 (dkt. 144), defendants jointly move to dismiss all claims in Relators' Second Amended Complaint with prejudice.

As directed by the Court, the common legal arguments upon which all defendants rely would be set forth in a Joint Memorandum in Support of Defendants' Joint Motion to Dismiss of approximately 31 pages.  Below is the Table of Contents for the current draft of that Memorandum, indicating the approximate page length of each section:

I.      INTRODUCTION **(2)**
II.     BACKGROUND **(4)**
    A.    Juxtapid and HoFH **(0.5)**
    B.    FDA Approval **(1.5)**
    C.    Relators' Qui Tam Action **(2)**
III.    ARGUMENT **(25)**
    A.    Applicable Standards for Motion to Dismiss **(1)**
    B.    The SAC Fails to Satisfy Rule 9(B) Because it Fails to Identify Any False Claim Actually Submitted to the Government **(5.5)**
        1.    The First Circuit Requires Relators to Plead with Specificity the Actual Submission of False Claims to the Government **(0.5)**
        2.    The SAC Fails to Identify Even a Single False Claim and Must Be Dismissed for That Reason Alone **(0.5)**
        3.    Plaintiffs Allege No Basis for Applying the Pleading Standard that Governs "Indirect Claims" **(4.5)**
            a.    The SAC Contains No Allegation That Defendants Induced Third Parties to File Claims **(2)**
            b.    The SAC Alleges No Facts Sufficient to Strengthen the Inference of Fraud Beyond Possibility **(2.5)**
    C.    Relators Fail to Plead With Particularity That Any Claim Based on the Subjective Medical Judgment Required by the Juxtapid Label and REMS Was False **(4.5)**
        1.    The FDA-Approved Juxtapid Label Contains No Diagnostic Criteria for HoFH **(2)**
        2.    The Label Incorporates the Juxtapid REMS Program, Which Only Requires Certification of a "Laboratory or Clinical Diagnosis Consistent with HoFH" **(0.5)**
        3.    Relators Have Not Alleged Facts Sufficient to Show that Any REMS Certification Was False **(2)**
    D.    Relators Fail to Plead With Particularity That the Alleged Off-Label Promotion *Caused* Any False Claims **(1)**
    E.    Relators' Conspiracy Claims Are Facially Deficient and Should be Dismissed Under Rule 9(b) and Rule 12(b)(6) **(2)**
    F.    Relators Have Not Sufficiently Alleged Materiality, Because the Government Routinely Paid Juxtapid Reimbursement Claims With Actual Knowledge of the Alleged Fraudulent Activity **(4)**
        1.    The FCA "Materiality" Requirement, Generally **(1.5)**
        2.    Relators Fail to Adequately Allege Materiality Because the Government Continued to Pay Juxtapid Claims Despite its Actual Knowledge of the Alleged Fraud **(2.5)**
    G.    The Public Disclosure Bar Forecloses Relators' Action Under Rules 12(b)(1) or 12(b)(6) **(5)**
        1.    The Basis For Relators' Allegations Against All Defendants Was Publicly Available **(3)**
        2.    No Relator is an Original Source **(2)**
    H.    The Court Should Dismiss or, in the Alternative, Decline to Exercise Jurisdiction Over Relators' State Law Claims **(1)**
    I.    The SAC Should be Dismissed With Prejudice **(1)**
IV.     CONCLUSION **(0)**

In the interest of avoiding duplication of briefing, each defendant separately seeks leave to file an individual memorandum of up to 10 pages, addressing the above common legal arguments as they pertain to that defendant, and facts or legal arguments relevant to each defendant that are not addressed in the joint memorandum.  Pursuant to the Court's June 11 Order, below each defendant identifies the number of pages to be devoted to the common legal arguments in his or her separate memorandum:

- Marc Beer:  Rule 9(b) and causation – 10 pages
- Melanie Detloff and James Frigge:  Rule 9(b) and causation, and joining David Scheer's supplemental public disclosure argument – 10 pages total
- William Dull:  Rule 9(b) and causation, and joining David Scheer's supplemental public disclosure argument – 4 pages
- Greg Fenner:  Rule 9(b) and causation – 5 pages
- Mark Fitzpatrick:  Rule 9(b) failure to plead a claim/particularity/scienter – 6 pages; Public disclosure/original source – 4 pages
- Craig Fraser:  Rule 9(b) and causation – 5 pages
- David Scheer:  Public Disclosure Bar (3.5), Rule 9(b) (3.5), and 12(b)(6) (2.5) – 10 pages total
- Mark Sumeray:  Rule 9(b) failure to plead a claim/particularity/scienter – 6 pages; Public disclosure/original source – 4 pages

As directed by the Court, defendants are filing a separate Renewed Motion to Exceed Page Limits, consistent with the proposal outlined above.

WHEREFORE, for the reasons set forth more fully in defendants' to-be filed joint and individual memoranda of law in support of this Motion, defendants respectfully request that the Court enter an order dismissing Relators' Second Amended Complaint with prejudice.

## **REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 7.1(d), defendants respectfully request that the Court schedule oral argument for this Motion.

Dated:  June 12, 2018                         Respectfully submitted,


***Defendant, Marc Beer***

By his Attorneys:

*/s/ Melissa Bayer Tearney*
Melissa Bayer Tearney (BBO #558612)
Sara K. Frank (BBO #693865)
**Choate, Hall & Stewart LLP**
Two International Place
Boston, MA 02110
Tel.: (617) 248-5000
Fax: (617) 248-4000
mtearney@choate.com
sfrank@choate.com


***Defendants, James Frigge and Melanie Detloff***

By their Attorney:

*/s/ Peter K. Levitt*
Peter K. Levitt (BBO #565761)
**Donnelly, Conroy & Gelhaar, LLP**
260 Franklin Street, Suite 1600
Boston, MA 02110
Tel.: (617) 720-2880
pkl@dcglaw.com


***Defendant, William Dull***

By his Attorneys:

*/s/ Frank A. Libby*
Frank A. Libby, Jr. (BBO #299110)
Benjamin S. Towbin (BBO #689318)
**LibbyHoopes, P.C.**
399 Boylston Street, Suite 600
Boston, MA 02116
Tel.: (617) 338-9300
Fax: (617) 338-9911
falibby@libbyhoopes.com
btowbin@libbyhoopes.com

*Defendant, Greg Fenner*

By his Attorneys:

*/s/ Ben T. Clements*
Ben T. Clements (BBO #555802)
Michael J. Pineault (BBO #555314)
**Clements & Pineault, LLP**
24 Federal Street
Boston, MA 02110
Tel.: (857) 445-0135
Fax: (857) 366-5404
bclements@clementspineault.com
mpineault@clementspineault.com

*Defendants, Mark Fitzpatrick and Mark Sumeray*

By their Attorneys:

*/s/ Jonathan L. Kotlier*
Jonathan L. Kotlier (BBO #545491)
Ian Roffman (BBO #637564)
**Nutter McClennen & Fish LLP**
155 Seaport Boulevard
Boston, MA 02210
Tel.: (617) 439-2000
Fax: (617) 310-9000
jkotlier@nutter.com
iroffman@nutter.com

*Defendant, Craig Fraser*

By his Attorneys:

*/s/ Gregory F. Noonan*
William H. Kettlewell (BBO #270320)
Gregory F. Noonan (BBO #651035)
Julia W. McLetchie (BBO #671106)
**Hogan Lovells US LLP**
100 High Street, 20th Floor
Boston, MA 02110
Tel.: (617) 371-1000
Fax: (617) 371-1037
bill.kettlewell@hoganlovells.com
Gregory.noonan@hoganlovells.com
julia.mcletchie@hoganlovells.com

***Defendant, David Scheer***

By his Attorneys:

*/s/ Stephen G. Huggard*
Stephen G. Huggard (BBO #622699)
Katherine A. Guarino (BBO #681848)
**Locke Lord LLP**
111 Huntington Avenue, 9th Floor
Boston, MA  02199
Tel.: (617) 239-0100
Fax: (617) 227-4420
stephen.huggard@lockelord.com
katherine.guarino@lockelord.com

## <u>CERTIFICATE PURSUANT TO LOCAL RULE 7.1(a)(2)</u>

I certify that on June 8, 2018, I conferred with plaintiffs' counsel and attempted in good faith to resolve or narrow the issues raised in this motion.


*/s/ Melissa Bayer Tearney*
Melissa Bayer Tearney

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on June 12, 2018.

*/s/ Melissa Bayer Tearney*
Melissa Bayer Tearney